UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JOHNSON,

                        Petitioner,                Case No. 4:17-cv-10970
                                                                Honorable Linda V. Parker

v.

CONNIE HORTON,

                        Respondent.
_____/

## **OPINION AND ORDER REQUIRING PETITIONER TO DECIDE HOW HE WISHES TO PROCEED IN THIS CASE**

Michigan prisoner Brandon Johnson ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner pled guilty in the Wayne Circuit Court to assault with intent to commit murder, MICH. COMP. LAWS § 750.83, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to 9-to-20 years' incarceration for the assault conviction, 3-to-5 years' incarceration for carrying a concealed weapon conviction, and a consecutive two years' incarceration for the firearm conviction.

The petition raises five claims: (1) Petitioner is entitled to evidentiary hearing in the state court on his claim that he was deprived of the effective assistance of counsel leading to an involuntary plea; (2) Petitioner's second trial

1

counsel provided ineffective assistance of counsel by failing to subpoena original counsel for a hearing to demonstrate that Petitioner's plea was involuntary; (3) Petitioner's second trial counsel provided ineffective assistance of counsel by pressuring him to accept a plea offer; (4) Petitioner's first trial counsel provided ineffective assistance of counsel by failing to conduct an adequate pretrial investigation of Petitioner's alibi defense and witnesses; and (5) Petitioner's appellate counsel was ineffective for failing to raise several meritorious claims during Petitioner's direct appeal.

Respondent filed a motion to dismiss the petition on the grounds that Petitioner failed to exhaust his state court remedies with respect to his fourth and fifth habeas claims. The Court orders Petitioner to decide whether he wishes to delete his unexhausted fourth and fifth claims from his petition and proceed on the merits of his remaining claims, or whether he wishes for his petition to be held in abeyance while he presents his unexhausted claims in a motion for relief from judgment and subsequent appeal in state court, and then if necessary, return to this Court on all five of his habeas claims.

### I. Background

Following his conviction and sentence, Petitioner raised the following claims in an application for leave to appeal in the Michigan Court of Appeals:

> I. The court should remand for a *Ginther* hearing where Mr. Johnson made a timely pre-sentence motion to withdraw the plea and alleged

specific instances of ineffective assistance of counsel leading to an involuntary plea.

II. Substitute trial counsel provided ineffective assistance of counsel in failing to subpoena original trial counsel for the *Ginther* hearing, this [sic] violating the State and Federal constitutional right to counsel.

III. Mr. Johnson entered into an involuntary plea in violation of the State and Federal Due Process Clauses where he claimed defense counsel would not call his alibi witnesses at trial and defense counsel said he could not win at trial and pressured him to accept the plea offer, thus creating little choice for this innocent defendant but to plead no contest.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Johnson*, No. 329000, at *1 (Mich. Ct. App. Oct. 6, 2015). Petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court, raising the same claims and adding two new claims:

I. Ineffective assistance of [original] trial counsel in failing to investigate and/or interview witnesses.

II. Ineffective assistance of appellate counsel.

On March 29, 2016, the Michigan Supreme Court denied the application because it was not persuaded that the Court should review the questions presented. *People v. Johnson*, 876 N.W.2d 556 (Mich. 2016) (unpublished table decision).

## II. Discussion

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)

3

and (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates dismissal of a habeas petition containing claims that a petitioner failed to raise in the state courts but had a right to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions that contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

In the present case, two of Petitioner's claims were not presented to the state courts. Petitioner's fourth and fifth claims—asserting that his first trial counsel was ineffective and that his appellate counsel was ineffective—were raised only in the Michigan Supreme Court but not the Michigan Court of Appeals. Petitioner admits in his petition that he did not raise his fourth claim in the Michigan Court of Appeals. *See* Dkt. 1, at 10, GROUND FOUR § (c). Claims presented to the Michigan Supreme Court but not the Michigan Court of Appeals do not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Farley v. Lafler*, 193 F. App'x 543, 549 (6th Cir. 2006).

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, absent

exceptional or unusual circumstances, a federal district court ordinarily will not consider a mixed petition. *Rockwell*, 217 F.3d at 423.

A district court must allow a habeas petitioner an opportunity to delete unexhausted claims from his petition and proceed on his exhausted claims, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber*, 544 U.S. 269, 278 (2005) (quoting *Lundy*, 455 U.S. at 520). Alternatively, a federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not plainly meritless. *Rhines*, 544 U.S. at 278.

> In determining whether a claim is "plainly meritless," principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless "it is perfectly clear that the petitioner has no hope of prevailing." "A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted."

*Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (internal citations omitted)).

In *Hickey*, the Sixth Circuit reversed the district court's denial of petitioner's motion to hold his habeas petition in abeyance. *Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. 2017). In an unexhausted claim, the petitioner in *Hickey*, alleged that his trial counsel failed to call two alibi witnesses and one exculpatory witness. According to the petitioner, those witnesses would have testified that he

was not present at the crime scene. Relying on *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004), the Sixth Circuit held that the petitioner's claim had merit. *Id.* ("the failure to call a known alibi witness generally . . . constitute[s] ineffective assistance of counsel.").

*Hickey* is analogous to this case. Petitioner stated his trial counsel failed to investigate, interview and call an alibi witness to testify. Petitioner stated that because of ineffective assistance of appellate counsel, he did not raise his fourth claim in state court. The Sixth Circuit found in *Hickey* that claims of ineffective assistance of counsel involving the failure to call an alibi witness require more factual developments from the state court because federal courts cannot speculate as to whether the witness's testimony would have been helpful.

Petitioner's fifth claim alleges ineffective assistance of his appellate counsel. Petitioner alleges that his appellate counsel failed to raise his fourth unexhausted claim, as well as failed to inform him that he had a right to file a supplemental brief on appeal, which would have cured his exhaustion issue as to his fourth claim.

Petitioner did not file a response to Respondent's motion to dismiss his petition on exhaustion grounds. Accordingly, the Court will order Petitioner to decide how he wishes to proceed in this case. He may delete his unexhausted claims and proceed on his exhausted claims, or he may choose to have his petition

stayed and held in abeyance so that he can exhaust his fourth and fifth habeas claims and then return on a perfected petition.

### III. Order

In light of the foregoing, the Court orders Petitioner to notify the Court within thirty (30) days from the date of this Order whether he wishes to proceed with only the exhausted claims, or whether he wishes to hold the petition in abeyance to permit him to return to the state courts to exhaust his additional claims. Failure to comply with this Order may result in dismissal of the petition for failure to prosecute the action.

**SO ORDERED**.

Dated: February 8, 2018                 s/Linda V. Parker
                                         U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2018, by electronic and/or ordinary mail.

                        s/Julie Owens acting in the absence of Richard Loury
                        Case Manager