UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON JOHNSON,

                              Petitioner,                    Case No. 17-cv-10970
                                                                   Hon. Linda V. Parker

v.

CONNIE HORTON,

                              Respondent.
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO
STAY CASE PENDING EXHAUSTION OF STATE COURT REMEDIES
(ECF No. 12)</u>**

      Michigan prisoner Brandon Johnson ("Petitioner") filed this habeas case under 28 U.S.C. § 2254, raising five claims. Respondent filed a motion to dismiss the case because Petitioner's fourth and fifth claims were unexhausted. (ECF No. 9.) Due to concerns regarding the statute of limitations, the Court ordered Petitioner to decide whether he wished to delete his unexhausted claims and proceed on his first, second, and third claims, or whether he wished to have his case stayed and held in abeyance while he presented his fourth and fifth claims to the state courts. (ECF No. 11.) On March 9, 2018, Petitioner filed a motion to stay his case, indicating his desire to present his unexhausted claims in the state courts. (ECF No. 12.)

1

A state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Petitioner acknowledges that his fourth and fifth claims are unexhausted and wishes to pursue them in the state courts. To avoid problems with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Accordingly, the Court grants Petitioner's motion and holds the petition in abeyance. Petitioner must exhaust his fourth and fifth claims in the state courts by filing a motion for relief from judgment in the Wayne Circuit Court within 60 days of this Order, and then if he does not obtain relief there, he must file a timely appeal in the Michigan Court of Appeals and the Michigan Supreme Court. *See e.g. Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Should Petitioner's appeals in the Michigan Supreme Court also prove unsuccessful, Petitioner must file a motion to lift the stay within 60 days of the Michigan Supreme Court's order denying him relief. Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

Accordingly,

**IT IS ORDERED** that the motion to stay (ECF No. 12) is **GRANTED**, and the petition for writ of habeas corpus shall be stayed and held in abeyance pending Petitioner's state post-conviction review proceedings; and

**IT IS FURTHER ORDERED** that respondent's motion to dismiss (ECF No. 9) is **DENIED, without prejudice**; and

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002); and

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 25, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 25, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager